RECEIVED
IN ALEXANDRIA, LA.

OCT 2 6 2012

TONY R. MOORE, CLERK
BY_____ DEPUTY



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CHARLES FREDRICK MONETTE** | **DOCKET NO. 12-CV-770; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **LA DEPT. OF CORRECTION, ET AL.** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Pro se plaintiff Charles Fredrick Monette, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff was incarcerated at the time of filing, but he was subsequently released. Monette complains that he was deprived of incentive wages and his state income tax refund in violation of the constitution and/or laws of the United States. He names as defendants the Louisiana Department of Corrections Probation and Parole Division, James M. LeBlanc, C. A. Lowe, and the Louisiana Department of Revenue.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Law and Analysis*

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power

to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). On July 25, 2012, Plaintiff was ordered to amend his complaint by August 24, 2012. To date, Plaintiff has failed to comply with the order and has had no communication with the Court.

### *Conclusion*

**THEREFORE, IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415

(5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 25th day of October, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE